UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **EVELYN HALEY** | **CIVIL DOCKET NO. 3:24-cv-00851** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **WAL-MART, INC., ET AL** | **MAGISTRATE JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM RULING

Before the Court is a MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY (the "Motion") filed by Plaintiff Evelyn Haley (hereinafter, "Plaintiff"). [Doc. 17]. Defendants, Wal-Mart, Inc. and Wal-Mart Louisiana, LLC (collectively, "Defendants"), filed an Opposition on August 17, 2025, [Doc. 19], to which Plaintiff filed a Reply on August 22, 2025, [Doc. 20]. For the following reasons, Plaintiff's Motion is GRANTED.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This lawsuit arises out of an alleged falling merchandise case that occurred on November 4, 2022, at a Walmart located at 1025 Glenwood Drive, West Monroe, Louisiana. [Doc. 1-2, ¶ 4]. Plaintiff claims that she was walking down an aisle in the Walmart store while a Walmart employee, Ms. Lena Pince, was stocking the aisle's shelves using a "top stock cart." [*Id.*]; [Doc. 17-2, pp. 1, 9]; [Doc. 17-3, p. 8]. Plaintiff asserts that as she walked past the top stock cart, Ms. Pince "bumped or otherwise disrupted the cart" and "caus[ed] the boxes to topple onto" Plaintiff, allegedly severely injuring Plaintiff. [Doc. 1-2, ¶ 4].

On October 30, 2023, Plaintiff filed a timely suit in the 4th Judicial District Court for Ouachita Parish, asserting negligence claims under the Louisiana Merchant Liability Act ("LMLA"), La. R.S. § 9:2800.6. [Doc. 1-2, pp. 1–4]. The matter was timely removed to this Court on June 25, 2024, on the basis of diversity jurisdiction. [Doc. 1].

On July 28, 2025, Plaintiff filed the instant Motion, contending that Defendants' own video footage establishes its liability under the LMLA. [Doc. 17]. In response, Defendants assert that Ms. Pince's statement that Plaintiff bumped the top stock cart and Plaintiff's failure to testify in her deposition that she did not bump the top stock cart require the Court to weigh witnesses' credibility. [Doc. 17-2, p. 9]; [Doc. 17-3]. Thus, according to Defendants, the existence of genuine disputes of material fact preclude summary judgment. [Doc. 19]. All issues having been briefed by the parties, the Motion is ripe for ruling.

LAW AND ANALYSIS

I. **Summary Judgment Standard**

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show[] that there is no dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016), *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact

is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson,* 477 U.S. 242.

The movant bears the burden of demonstrating the absence of a genuine dispute of material fact but need not negate every element of the nonmovant's claim. *Hongo v. Goodwin*, 781 F. App'x 357, 359 (5th Cir. 2019), *citing Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). If the movant meets this burden, the burden then shifts to the nonmovant who is required to "identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Texas Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). However, summary judgment cannot be defeated through "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Acker v. Gen. Motors*, L.L.C., 853 F.3d 784, 788 (5th Cir. 2017), *quoting Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see also Anderson*, 477 U.S. at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). The motion for summary judgment should be granted if the non-moving party cannot produce sufficient competent evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## II.     Louisiana's Merchant Liability Act

In the Motion before the Court, Plaintiff argues that Defendants' own surveillance footage clearly establishes Defendants' liability to Plaintiff under the LMLA. [Doc. 17-1, p. 1]. Specifically, Plaintiff contends that the video evidence proves that neither Plaintiff nor other customers were the cause of Plaintiff's injuries, and it was instead Defendants' negligence that caused the accident. [*Id.* at pp. 5–7].

In response, Defendants argue that the Motion should be denied because: (1) Plaintiff has not produced evidence that she did not touch the top stock cart; (2) Ms. Pince has stated that Plaintiff bumped into the top stock cart; and (3) Plaintiff has not proven that Defendants were the cause of the accident. [Doc. 19, pp. 4–7]. Thus, Defendants assert, determining the issue of liability would require the Court to weigh the evidence and determine the credibility of witnesses, which is improper for summary judgment. [Doc. 19, pp. 4–5]. In her Reply, Plaintiff asserts that the video evidence alone is sufficiently clear to eliminate any genuine disputes of material fact. [Doc. 20, pp. 2–3].

### A.     Governing Law

In a diversity case such as this one, federal courts apply state substantive law. *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Accordingly, Defendants' liability for Plaintiff's accident and subsequent injury is governed by the LMLA. The LMLA imposes a duty of care on a merchant to those lawfully on its premises, "to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. R.S. §

9:2800.6(A). The "heightened burden" of La. R.S. § 9:2800.6(B) only applies to slip-and-fall cases. *Davis v. Wal-Mart Stores, Inc.*, 774 So. 2d 84, 90 (La. 2000). "Falling merchandise" claims are solely governed by La. R.S. § 9:2800.6(A).[1] *Id.*; *see also Smith v. Toys "R" Us*, 754 So. 2d 209, 212–13 (La. 1999).

When a negligence claim is brought against a merchant based on injuries sustained from falling merchandise, a plaintiff bears the burden of proving that: "(1) he or she did not cause the merchandise to fall; (2) that another customer in the aisle at that moment did not cause the merchandise to fall; and (3) that the merchant's negligence was the cause of the accident." *Davis*, 774 So. 2d at 90. A plaintiff will only prevail if she can negate the first two elements and demonstrate the third.[2] *Id.* To prove the merchant's negligence, the plaintiff "must show that either a store employee or another customer placed the merchandise in an unsafe position on the shelf or otherwise caused the merchandise to be in such a precarious position that eventually, it does fall." *Id.*

**B.  Analysis**

Here, the parties' arguments center on whether Defendants' own surveillance video provides sufficient clarity as to eliminate any genuine disputes of material fact. Defendants argue that Plaintiff relies heavily on the video clip and makes assumptions and speculations based on the video. [Doc. 19, p. 7]. Defendants further

---

[1] The parties do not dispute that La. R.S. § 9:2800.6(A) is the applicable law to Plaintiff's claim. [Doc. 17-1, pp. 3–4]; [Doc. 19, pp. 2–3].

[2] This third element—the existence of a premises hazard—may be proven by circumstantial evidence. *Id.*; *see also Matthews v. Schwegmann Giant Supermarkets, Inc.*, 559 So. 2d 488, 488 (La. 1990).

contend that Plaintiff did not affirmatively testify nor produce evidence that she did not touch the stocking cart. [*Id.* at p. 3]. Furthermore, Defendants point out that Ms. Pince's statements in the Incident Report claim that Plaintiff bumped the cart and caused the box to fall.³ [Doc. 17-2, p. 9].

In the instant mater, the video evidence is the best account of what occurred.⁴ Thus, Ms. Pince's assertion that Plaintiff bumped the top stock cart may be disregarded because it is clearly contradicted by the video evidence. [Doc. 17-5, at 00:21–00:26, *see* manual attachment]; *see also Richard v. Dollar Tree Stores, Inc.*, 2024 WL 2923003, at *3 n.1 (W.D. La. June 10, 2024)*, aff'd,* 2025 WL 3549890 (5th Cir. January 31, 2025) ("Given the availability of video evidence in this matter, the Court affords little weight to Plaintiff's affidavit."). Both Supreme Court and Fifth Circuit precedent supports this Court's reliance on the video evidence. "[W]hen 'contrary video evidence provides so much clarity that a reasonable jury could not believe [the nonmovant's] account,' a court may discredit the nonmovant's version of events." *Norman v. Ingle*, 2025 WL 2371174, at *2 (5th Cir. August 15, 2025), *quoting Aguirre v. City of San Antonio*, 995 F.3d 395, 410 (5th Cir. 2021); *Rainey v. PNK Lake Charles, LLC*, 2024 WL 499539, at *3 (W.D. La. February 8, 2024), *citing Crane v. City of Arlington, Tex.*, 2022 WL 4592035 (5th Cir. September 30, 2022) ("Although a

---

³ Ms. Pince stated that she was "putti[n]g up some" medicine when Plaintiff "passed next to [her] cart[] [and] bumped the cart[,]" which caused the box to fall. [Doc. 17-2, p. 9].

⁴ "When considering claims arising under the [LMLA] on a motion for summary judgment, '[t]he Fifth Circuit has indicated that courts should give greater weight.... to facts evidenced from video recordings taken at the scene.'" *Hicks v. Costco Wholesale Corp.*, 2023 WL 1806995 (W.D. La. February 7, 2023), *citing Smith v. Circle K Stores, Inc.*, 2021 WL 4853846, at *5 (W.D. La. October 18, 2021).

court must review evidence in the light most favorable to the nonmoving party, when video evidence is available a court is not bound to accept the nonmovant's version of facts if contradicted by the video."); *Scott v. Harris*, 550 U.S. 372, 380 (2007) (When the record contains video evidence and the "opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."); *Hodge v. Engleman*, 90 F.4th 840, 846 (5th Cir. 2024) ("In sum, a court may rely on video evidence to resolve any claimed genuine disputes of material fact and rule on summary judgment.").

Put differently, a court "need not rely on a [party's] description of the facts where the record discredits that description and instead should consider 'the facts in the light depicted by the videotape.'" *Richard v. Dollar Tree Stores, Inc.*, 2025 WL 354980, at *1 (5th Cir. January 31, 2025), *quoting Scott*, 550 U.S. at 381. The video evidence in this case is clear and taken from an unobstructed vantage point that provides a reliable depiction of the incident. [Doc. 17-5, *see* manual attachment]. And Defendants do not dispute or attack the video's contents. Instead, Defendants direct this Court to other falling merchandise cases, all of which are distinguishable for the reasons Plaintiff set forth in her Reply.[5] [Doc. 19, pp. 4–7]; [Doc. 20, pp. 2–4]. As

---

[5] Defendants rely upon *Ziegler v. Walmart Stores, Inc.*, 2024 WL 4216052 (E.D. La. September 17, 2024) to support the proposition that video evidence alone is not sufficient to support a grant of summary judgment. [Doc. 19, p. 4]. But the *Ziegler* Court stated that "the *grainy* surveillance video does not <u>clearly</u> support either party's position." 2024 WL 4216052 at *3 (emphasis added, underline in original). Here, the video evidence is not grainy and clearly supports Plaintiff's position. Thus, *Ziegler* is distinguishable. Defendants also rely upon *Davis* to underscore the importance of credibility determinations in falling merchandise

Defendants have not shown this Court why the video evidence cannot be relied upon, this Court will "view[] the facts in the light depicted by the videotape." *Scott*, 550 U.S. at 381.

In this case, the video evidence is so clear that no reasonable jury could find that Plaintiff or another customer caused the merchandise to fall. [Doc. 17-5, at 00:21–00:26, *see* manual attachment]. From the video, there is a measurable gap between Plaintiff and the top stock cart immediately prior to and when the box fell. [*Id.*]. Defendants argue that Plaintiff failed to affirmatively testify in her deposition that she did not touch the top stock cart and cause the box to fall. [Doc. 19, p. 3]. Although this may be true, the video evidence alone demonstrates that Plaintiff did not touch the top stock cart and cause the box to fall. [Doc. 17-5, *see* manual attachment]. Because this Court may "consider 'the facts in the light depicted by the videotape[,]'" this Court finds that the first element of Plaintiff's LMLA claim is satisfied. *Richard*, 2025 WL 354980, at *1.

Additionally, the video shows that there were no other customers near the top stock cart, aside from Plaintiff, throughout the entire video. [Doc. 17-5, *see* manual

---

cases. 774 So. 2d 84; [Doc. 19, p. 5]. But in *Davis*, there was no video evidence, making *Davis* inapposite.

*Free v. Wal-Mart Louisiana, LLC*, 2019 WL 5783915 (W.D. La. November 5, 2019), *Humphrey v. Wal-Mart Stores, Inc.*, 15 So. 3d 1252 (La. App. 2d Cir. 2009), and *Hughes v. Home Depot U.S.A., Inc.*, 2015 WL 9466870 (La. App. 1st Cir. December 23, 2015), are also distinguishable. *Free* and *Humphrey* had no video evidence, and the video in *Hughes* was not considered for summary judgment. Here, this Court has a clear video of the alleged accident. Moreover, the *Free*, *Humphrey*, and *Hughes* plaintiffs were reaching for or had just taken merchandise from the shelves. In this case, Plaintiff was not touching nor manipulating any merchandise; instead, she was simply walking down the aisle with her shopping cart. Therefore, each of these cases are distinguishable, and this Court finds that Defendants' reliance on these cases is misplaced.

attachment]. Other customers pass by the aisle throughout the video, but only Plaintiff is near the top stock cart in the aisle. [*Id.*]. Therefore, the video indicates that another customer did not cause the box to fall, and the second element of Plaintiff's LMLA claim is similarly satisfied.

The video evidence further shows that Ms. Pince moved the top stock cart immediately before the merchandise fell as Plaintiff walked down the aisle. [*Id.*]. It is plainly visible from the surveillance video that the box fell when Ms. Pince moved the top stock cart down the aisle, and it then struck Plaintiff as she walked past the top stock cart. [*Id.*]. Looking solely at the video evidence, it is clear that the merchandise was placed in an "unsafe position," as it was hanging over the edge of the top stock cart, and Ms. Pince's movement of the top stock cart immediately preceded the box falling from the top stock cart. [*Id.*]; *Davis*, 774 So. 2d at 90. Weighing Plaintiff's credibility in her deposition testimony against Ms. Pince's statement in the Incident Report is not necessary to decide this Motion. Thus, as the video shows that Defendants' employee caused the merchandise to fall, this Court finds that the third element of Plaintiff's LMLA claim is satisfied.

The video evidence is the best depiction of what happened in this case and discredits Defendants' version of events. That is, the video evidence alone is sufficient for this Court to find that Plaintiff has established the elements of her LMLA claim: that neither she nor another customer caused the merchandise to fall and that Defendants' own negligence—through its employee—was the cause of the accident.

Credibility determinations are not necessary for this Court to find that there is no genuine dispute of material fact here, and summary judgment is warranted.

### III. Defendants' Assertion of Plaintiff's Comparative Fault is not Material to Finding Defendants Liable

Defendants assert that comparative fault is at issue in this case because Plaintiff could have seen the boxes falling, and thus avoided them, before she was actually hit. [Doc. 19, p. 5 n.1]. Although this may be true, comparative fault concerns the amount of damages that a plaintiff may be awarded, not whether a defendant is liable to a plaintiff.[6] *See* La. Civ. Code art. 2323; *see also* Frank L. Maraist et al., Louisiana Tort Law § 9.03 (2d ed. 2024) (Noting that "the plaintiff's contributory negligence does not bar recovery but reduces it by his or her portion of the fault." Put differently, the plaintiff's "recovery is not barred but merely reduced."). Whether Plaintiff was paying attention when walking down the aisle is not material to a finding of liability under the LMLA.[7] *See* [Doc. 19, p. 5 n.1]. Thus, because Plaintiff's Motion only concerns liability, this Court need not consider Defendants' comparative fault argument.

---

[6] This Court notes that Louisiana's comparative fault regime will change effective January 1, 2026, when Civil Code article 2323 is revised. Under the new article, a plaintiff who is fifty-one percent or more at-fault will have their recovery barred. *See* H.B. 431, 2025 Leg., Reg. Sess. (La. 2025). This impending change further demonstrates that the current article, which constitutes a "pure" comparative fault scheme, does not concern causation, but instead only a plaintiff's potential damages.

[7] Under Louisiana law, a merchant has a duty to exercise reasonable care to keep its premises in a reasonably safe condition. *See* La. R.S. § 9:2800.6. The plain language of the LMLA does not support the proposition that a merchant is relieved from its duty to maintain a reasonably safe premises simply because a shopper is not paying attention. *See id.* Nor has this Court found case law supporting this notion.

## CONCLUSION

For the foregoing reasons, the Court finds that there are no genuine disputes of material fact such that an entry of partial summary judgment is proper. Fed. R. Civ. P. 56.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY [Doc. 17] is GRANTED.

THUS, DONE AND SIGNED in Chambers on this 2nd day of October 2025.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE